STATE OF MAINE                          SUPERIOR COURT
HANCOCK, ss                             Dockets: AP-2010-05
                                                 AP-2010-06
                                        KMC - HAN - 9/ / /2010


DEAN AND MARIANNE DIMAURO

V.

NORTHEASTERN CONCRETE, INC.

RECEIVED & FILED

SEP ... ...

HANCOCK COUNTY
COURT

---

NORTHEASTERN CONCRETE, INC.

V.

DEAN DIMAURO


### DECISION AND ORDER


Under date of October 12, 2009, Northeastern Concrete, Inc. filed a small claim against Dean DiMauro seeking payment of $5,705, for the construction of a concrete frost wall and slab.

. Under date of January 24, 2010, Dean and Marianne DiMauro filed a small claim against Northeastern Concrete, Inc., seeking damages in the amount of $5,056.50, for the construction of a defective and inferior concrete slab.

A trial was held as to both of these claims in Ellsworth District Court before Judge Staples on April 5, 2010.

A judgment was entered on April 6, 2010 in the matter of Northeastern Concrete v. DiMauro in the amount of $1,445 and costs of $117.65. The District Court made the following findings:

1. The work installing the concrete slab for floor of garage was defective as to the condition described as delamination and did not meet the required strength.

2. Northeastern offered to remove the slab as not cost. DiMauro did not allow that and built a garage over the

1

slab, making it more costly to remove the slab and knowing the slab was defective due to delamination.

3. Northeastern offers to bill only the amount of $1445, the cost relating to the frost walls as to which there is no complaint.

4. The lowest estimate of $9,513 presented by DiMauro (allegedly the cost of replacing the slab) includes more work than the slab itself and also includes the cost of removing the slab, which Northeastern Concrete was willing to do at no charge.

5. The Court notes that during mediation DeMauro brought to the attention of Northeastern Concrete, the fact that the slab did not meet the strength requirement but did not reveal the test results by S.W.Cole Engineering, Inc. that very well could have allowed for a reasonable settlement.

With respect to the claim of DiMauro v. Northeastern Concrete, Inc., a judgment was entered in favor of the defendant and the same findings were issued as stated above.

Under date of April 8, 2010, Plaintiff filed a request for an amended judgment alleging that the Court had reversed the costs of the component parts of the frost wall (which should have been $4,250) and the slab (which should have been $1455). The District Court treated that request as a Motion to Amend. A hearing on the Motion to Amend was set for June 10, 2010. An appeal having been filed, that hearing did not take place and the Motion remains pending.

Under date of May 2, 2010, Dean and Marianne DiMauro filed a notice of appeal with respect to both small claim matters, indicating that they were not requesting a trial de novo or a jury trial. The Notice of Appeal indicated that a "statement in lieu of transcript will be prepared".

Appellants DiMauro filed a Statement in Lieu of Transcript with the Court on May 6, 2010.

Rule 11 (d)(2) of the Small Claims Rules provides that "an appeal by the defendant may be on questions of law only". Not surprisingly, defendant/plaintiff DiMauros are unhappy with the decision that has gone against them. They are not entitled, however, to a second bite at the apple or a second trial where a Judge again weighs the evidence. They have had their trial and the Judge has weighed and

evaluated the evidence. This court upon review, finds competent evidence to support the initial decision.

If the trial Judge has committed an error of law, then the DiMauros are entitled to have the initial decision altered. As stated in the recent case of *Gould v. A-1 Motors*, 2008 ME 65, ¶6, 945 A.2d 1225, 1228,

> We will defer to a trial court's findings of fact "unless such findings are clearly erroneous." *Me. Farmers Exch., Inc. v. Farm Credit of Me., A.C.A.*, 2002 ME 18, P16, 789 A.2d 85, 90. "The meaning and weight to be given the exhibits and the testimony of the witnesses is for the fact-finder to determine and must be upheld unless clearly erroneous." *Jenkins, Inc. v. Walsh Bros., Inc.*, 2002 ME 168, P7, 810 A.2d 929, 933. As there is competent evidence in the record to support the District Court's finding, the original judgment is affirmed.

## Discussion

The Court has reviewed the exhibits that were before the trial Court, the 'briefs' of the appellant and appellee. Since there was no transcript of the hearing before Judge Staples, the Court has also reviewed the Statement in Lieu of Transcript.

This is a contract case. The burden was on the plaintiff Northeastern Concrete to prove a contract express or implied between itself and the DiMauros. This Court is satisfied that there was competent evidence before the Trial Court of an agreement to build a concrete slab and retaining walls for the DiMauros and that it was done but not paid for. The trial Court found that the installation of the concrete slab was defective and there was competent evidence to support that finding and it will not be disturbed on appeal.

The burden was on the DiMauros to take reasonable actions to mitigate or avoid or reduce the damages after the incident occurred. *Searles v. Fleetwood Homes O Pa., Inc.* 2005 ME 94, ¶ 37-39, 878 A.2d 509, 521. The trial Court findings indicate that the trial Court found that the DiMauros did not take reasonable steps to reduce their damages by building a garage over the slab and the trial court was within his discretion to award damages taking

3

that into account. While he awarded no damages to the defendant DiMauros, he reduced the contract damages awarded to Northeastern to include 'only the cost related to the frost walls as to which there is no complaint'. It was within the trial Court's discretion to award 'fair' damages supported by the evidence. He elected not to reward the plaintiff for defective workmanship on the slab but he also elected not to award any damages to the defendant with regard to the slab due to their failure to mitigate on his review of the damage evidence submitted. Damages were awarded within the discretion of the trial court. There is no error of law in his evaluating damages. Defendants' appeal is denied.


## Motion to Amend

The trial Court awarded damages to Northeastern based on the following finding:" Northeastern Concrete offers to bill only the amount of $1445, the cost relating to the frost walls as to which there is no complaint".

A review of the trial Court's notes and exhibits offered in these small claims matter does not provide authority to confirm how the trial court arrived at its estimate of damages. That is, there is no separation in the evidence presented of the contract charge attributable to the frost walls as opposed to the slab. It is clear that the trial Court attributed some 'fault' to the plaintiff but it would be surmise or conjecture on the record presented to presume that the Court committed 'error' in awarding the amount of damages that it did. *Michaud v. Steckino*, 390 A.2d 524, 530 (Me. 1978) The Motion to Amend damages is denied.

September 10, 2010

Kevin M. Cuddy
Justice, Superior Court

A TRUE COPY.
Attest _____
Clerk of Courts

4

Date Filed __5/14/2010__ __HANCOCK__          Docket No. __AP-2010-06__

County                                                     *FP 2010-05*

Action __DISTIRCT COURT APPEAL - SMALL CLAIMS__

ASSIGNED TO JUSTICE KEVIN M. CUDDY

NORTHEASTERN CONCRETE INC                vs.   DEAN DIMAURO

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| P O BOX 86 | 248 OTTER CREEK DRIVE |
| SEAL COVE ME  04674 | BAR HARBOR ME  04609 |
| | ATTN:  ADRIENNE GOODWIN |

| Date of Entry | |
|---|---|
| 5/14/2010 | Appeal from Ellsworth District Court, docket No. SC-2009-423 received. The following Papers were received and filed:<br>    1.  Statement of claim |